1    Gary K. Salomons, Esq., #3150
     Elliot S. Blut, Esq., # 6570
2    ECOFF, BLUT & SALOMONS, LLP
     300 South Fourth Street, Suite 701
3    Las Vegas, Nevada 89101
     Telephone: (702)384-1050
4    Facsimile: (702)384-8565

5    Attorneys for Defendant
     ANDREW STODDARD,
6    an individual

7

8

9                      UNITED STATES DISTRICT COURT

10                          DISTRICT OF NEVADA

11

12   RIGHTHAVEN, LLC, a Nevada Limited      )  Case No. 2:10-cv-01404-LRH-LRL
     Liability Company,                     )
13                                          )
                 Plaintiff,                 )  DEFENDANT ANDREW
14                                          )  STODDARD'S MOTION TO DISMISS
          v.                                )  PLAINTIFF'S FIRST AMENDED
15                                          )  COMPLAINT PURSUANT TO *FED. R.*
     HUSH-HUSH ENTERTAINMENT, INC.,         )  *CIV. P.* 12(b)(6) AND 12(e);
16   a suspended California Corporation; PN )  MEMORANDUM OF POINTS AND
     MEDIA, INC., a California Company;     )  AUTHORITIES AND DECLARATION
17   ANDREW STODDARD, an individual,        )  OF ANDREW STODDARD IN
                                            )  SUPPORT THEREOF
18               Defendants.                )
                                            )
19   ———————————————————————               )

20         Defendant ANDREW STODDARD ("Defendant" or "Stoddard") by and through its

21   counsel of record, Gary K. Salomons, Esq., Ecoff, Blut & Salomons, LLP, moves this Court to

22   dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*

23   for failure to state a claim upon which relief may be granted.

24   DATED: March 10, 2011              ECOFF, BLUT & SALOMONS, LLP

25

26                                      By:_____//s//_____

27                                         GARY K. SALOMONS, ESQ.
                                           Attorneys For Defendant
28                                         ANDREW STODDARD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL AND PROCEDURAL HISTORY

On August 18, 2010, this action was commenced against only defendants Hush-Hush Entertainment, Inc. and PN Media, Inc. (the "Action"). The Action states one claim for relief for copyright infringement, pursuant to 17 U.S.C. §106(1).

On September 23, 2010, Plaintiff's filed a First Amended Complaint in an attempt to include Andrew Stoddard (hereinafter referred to as "STODDARD") as a Defendant. The First Amended Complaint fails to allege sufficient facts against STODDARD. For instance, and by way of only one example, the First Amended Complaint fails to allege STODDARD'S residency, or that he lacks an office in Nevada. Indeed, the only allegations specifically asserted against STODDARD is that he is the "owner" of PN Media, and that he maintains managerial, editorial and administrative control of a website allegedly owned by Hush-Hush. (First Amended Complaint. ¶¶8-11) Such bare bones allegations, in and of themselves, do not adequately plead a cause of action.

In addition, Plaintiff fails to allege it was the owner of the copyrighted work at the time of the alleged infringement, or that it complied with its obligation to send out a notice to Defendants to take down the allegedly-infringing work. This defect alone warrants granting of the present motion.

For the reasons set forth herein, Plaintiff fails to state sufficient facts to assert a cause of action against STODDARD, and therefore this Motion to Dismiss must be granted.

### II.

### LEGAL ARGUMENT

**A.     STANDARD ON A FED.R. CIV.P. 12(b)(6) MOTION TO DISMISS**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) tests the legal sufficiency of a claim. *Navarro* v. *Block*, 250 F.3d 729,732 (9th Cir. 2001). Because the focus of 12(b) motions is on the legal sufficiency, rather than the substantive merits of a claim,

1   the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk* v. *Cable News*

2   *Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002).

3          Generally, dismissal is proper where the plaintiff has failed to assert a cognizable legal

4   theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental*

5   *Group* v. *Delta Dental Plan o/Cal., Inc.,* 88 F.3d 780, 782 (9th Cir. 1996); *Balistreri* v.

6   *Reynolds, Inc.,* 749 F .2d 530, 534 (9th Cir. 1984).  Further, dismissal is appropriate if it

7   appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See*

8   *Abramson* v. *Brownstein,* 897 F.2d 389,391 (9th Cir. 1990).

9          To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient

10  factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.

11  Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy

12  this threshold, a plaintiff must "plead[] factual content that allows the court to draw the

13  reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This "requires

14  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

15  .. . . Factual allegations must be enough to raise a right to relief above the speculative level."

16  *Twombly*, at 555 (citations omitted).

17         To implement the standards set forth in *Twombly* and *Iqbal*, a court confronted with a

18  motion to dismiss should adhere to a "two-pronged approach." *Iqbal,* 129 S. Ct. at 1950. First, "a

19  court . . . can . . . begin by identifying pleadings that, because they are no more than conclusions,

20  are not entitled to the assumption of truth.  While legal conclusions can provide the framework of

21  a complaint, they must be supported by factual allegations." *Id.* Second, "[w]hen there are well-

22  pleaded factual allegations, a court should assume their veracity and then determine whether they

23  plausibly give rise to an entitlement to relief." *Id.*  This is a "context-specific task that requires

24  the reviewing court to draw on its judicial experience and common sense." *Id.*  The complaint

25  must be dismissed if the factual allegations "do not permit the court to infer more than the mere

26  possibility of misconduct." *Id.*

27         While a court considering a motion to dismiss should construe the complaint liberally, it

28  is not "required to draw argumentative inferences in favor of the plaintiffs." *Yamaha Motor*

1 │ *Corp., U.S.A. v. United States,* 779 F. Supp. 610, 611 (D.D.C. 1991). Nor must a court accept

2 │ unsupportable or absurd inferences asserted in the complaint, or legal conclusions cast as factual

3 │ allegations. *See, Kowal v. MCI Commc 'ns Corp.*, 305 U.S. App. D.C. 60, 65-66, 16 F.3d 1271,

4 │ 1276-77 (1994); *In re Newbridge Networks Sec. Litig.*, 926 F. Supp. 1163, 1168 (D.D.C. 1996)

5 │ ("[T]he court need not accept inferences drawn by plaintiffs if such inferences are unsupported

6 │ by the facts set out in the complaint.").

7 │      Applying these standards, it is apparent that the Plaintiff has not pled sufficient factual

8 │ allegations which could support his multiple claims for relief. The Court therefore should grant

9 │ Defendant's Motion to Dismiss pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

10 │

11 │ **B.**   **PLAINTIFF'S CLAIM FOR RELIEF FAILS BECAUSE PLAINTIFF HAS**

12 │      **NOT, AND CANNOT, ALLEGE FACTS SUFFICIENT TO CONSTITUTE**

13 │      **A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

14 │      Plaintiff's First Amended Complaint fails to set forth a cognizable legal claim in that the

15 │ sole claim for relief - copyright infringement - fails to allege Plaintiff possessed an ownership

16 │ interest in the Subject Work at the time of the alleged infringement. As a general rule "the legal

17 │ and beneficial owner of an exclusive right under copyright is entitled to bring actions for

18 │ infringements of that right occurring during the period of its ownership. *ABKCO Music, Inc. v.*

19 │ *Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (9th Cir. 1991).

20 │      Here, Plaintiff alleges it is the owner of the copyright in and to the Work. (FAC, ¶32)

21 │ Plaintiff further alleges that on August 11, 2010, the United States Copyright Office granted

22 │ Righthaven the registration in the Work, copyright registration number TX0007190316 (the

23 │ "Registration")...." (FAC, ¶34).

24 │      Plaintiff then alleges that on or about July 7, 2010, the Defendants displayed, and

25 │ continue to display, the Infringement on the Website. (FAC, ¶35)  Plaintiff does not allege it is

26 │ the author of the Work, and in fact, Exhibit 4 to the Complaint establishes that author is non-

27 │ party Stephens Media, LLC (Exhibit 4 to FAC). Thus, Plaintiff has failed to allege an

28 │ "ownership" of the registered Work *at the time of the alleged infringement* such that it may now

1   bring an infringement claim.

2        In sum, the First Amended Complaint fails to allege facts establishing that Plaintiff had

3   an ownership interest in the subject Work at the time of the claimed infringement and

4   consequently, no claim has been stated and dismissal under *Fed.R.Civ.P.* 12(b)(6) is warranted.

5

6   **C.**    **THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED**

7           **PURSUANT TO *FED.R.CIV.P.* 12(b)(1) FOR LACK OF SUBJECT**

8           **MATTER JURISDICTION**

9        Because Plaintiff's First Amended Complaint fails to sufficiently alleged an ownership

10  interest in the Work at the time of the alleged infringement, the Complaint should be dismissed

11  for lack of subject matter jurisdiction.  The owner of an exclusive right under copyright is

12  entitled to bring actions for infringement occurring during the period of its ownership. *ABKCO*

13  *Music, Inc., supra,* 944 F2d at 980.  Thus, only the proprietor of statutory copyright at the time of

14  the acts of infringement is entitled to damages under 17 U.S.C. § 101.  *Pye v. Mitchell*, 574 F.2d

15  476, 479 (9th Cir. 1978).

16       A Plaintiff who fails to demonstrate ownership of a valid copyright at time of

17  infringement lacks standing to sue for any infringement that occurred prior to the time any

18  ownership interest was obtained. *Silvers v. Sony Pictures Entertainment*, 402 F.3d 881, 885 (9th

19  Cir. 2005)  Standing to assert a copyright claim is a jurisdictional requirement, and the Court

20  must dismiss an action for lack of subject matter jurisdiction if it determines the Plaintiff lacks

21  standing. *Giddings v. Vision House Production, Inc.,* 584 F.Supp.2d 1222, 1229 (D.Ariz. 2008)

22       In the present case, Plaintiff's First Amended Complaint lacks any allegations to establish

23  it was the owner of the copyrighted Work at the time it alleges an infringement occurred.

24  Actually, the First Amended Complaint demonstrates precisely the opposite:  Plaintiff alleges

25  that on August 11, 2010, the United States Copyright Office granted Righthaven the registration

26  in the Work, copyright registration number TX0007190316 (the "Registration")...." (FAC, ¶34).

27       Plaintiff then alleges that on or about July 7, 2010, the Defendants displayed, and

28  continue to display, the Infringement on the Website. (FAC, ¶35) Plaintiff does not allege it is the

1  author of the Work, and in fact, Exhibit 4 to the Complaint establishes that author is non-party

2  Stephens Media, LLC (Exhibit 4 to FAC)  Thus, Plaintiff has failed to allege an "ownership" of

3  the registered Work *at the time of the alleged infringement* such that it may now bring an

4  infringement claim.

5      For these reasons, Plaintiff lacks standing to bring this action and the First Amended

6  Complaint should be dismissed pursuant to *Fed.R.Civ.P.* 12(b)(1) for lack of subject matter

7  jurisdiction.

8

9  **D.    THIS COURT LACKS PERSONAL JURISDICTION OVER STODDARD,**

10  **AND THEREFORE, HIS 12(b)(6) MOTION SHOULD BE GRANTED..**

11      The basis for personal jurisdiction in Nevada over a non-Nevada resident is set forth in

12  the Nevada long-arm statute. That statute is coextensive with the Due Process Clause of the U.S.

13  Constitution. See Nev. Rev. Stat. § 14.065.  Thus, in determining whether the exercise of

14  jurisdiction over a non-Nevada resident by a Nevada court is proper, the federal due process

15  analysis applies.

16      Where a defendant is not physically present in the forum state but maintains a website

17  that is accessible to forum residents, that, in and of itself, is insufficient to create sufficient

18  contacts to confer personal jurisdiction. *Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414, 418 (9th

19  Cir. 1997) citing *Bensusan Restaurant Corp. v. King*, 937 F.Supp. 295, 297 (S.D.N.Y.,1996) see

20  also *Panavision International, LP v. Toeppen*, 141 F.3d 1316, 1320-1321 (9th Cir 1998).

21  The Ninth Circuit and the District of Nevada apply the "sliding scale" test articulated in

22  *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D.Pa. 1997), to

23  determine whether personal jurisdiction lies in the forum state. See *Gator.com Corp. v. L.L.*

24  *Bean, Inc.*, 341 F.3d 1072 (9th Cir. 2003) (applying the sliding scale test to determine whether

25  personal jurisdiction existed): [E]ven if the only contacts L.L. Bean had with California were

26  through its virtual store, a finding of general jurisdiction in the instant case would be consistent

27  with the "sliding scale" test that both our own and other circuits have applied to internet-based

28  companies. See, e.g., *Cybersell*, 130 F.3d at 417-19.  This test requires both that the party in

1  question "clearly [do] business over the Internet," *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952

2  F.Supp. 1119, 1124 (W.D.Pa.1997), and that the internet business contacts with the forum state

3  be substantial or continuous and systematic. See *Revell v. Lidov*, 317 F.3d 467, 470-71 (5th

4  Cir.2002); accord *Coastal Video Communications Corp. v. Staywell Corp.*, 59 F.Supp.2d 562,

5  571 (E.D.Va.1999). Recognizing that an online store can operate as the functional equivalent of

6  a physical store, the test does not require an actual presence in the state. Rather, the nature of the

7  commercial activity must be of a substantial enough nature that it "approximate[s] physical

8  presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000).

9  (citing *Gates Learjet v. Jensen* , 743 F.2d 1325, 331 (9th Cir. 1984)). 341 F.3d at 1079-1080; see

10  also *Medinah Mining, Inc. v. Amunategui*, 237 F. Supp. 2d 1132, 1135 (D.Nev. 2002) (applying

11  both the sliding scale test and the "effects test" to determine whether personal jurisdiction

12  existed).

13        Under this test, "the likelihood that personal jurisdiction can be constitutionally exercised

14  is directly proportionate to the nature and quality of commercial activity that [the defendant]

15  conducts over the Internet." *Zippo*, 952 F. Supp. at 1124 (emphasis added). More specifically,

16  [a]t one end of the spectrum are situations where a defendant clearly does business over the

17  Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve

18  the knowing and repeated transmission of computer files over the Internet, personal jurisdiction

19  is proper. At the opposite end are situations where a defendant has simply posted information on

20  an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that

21  does little more than make information available to those who are interested in it, like those here,

22  is not grounds to invoke personal jurisdiction. The middle ground is occupied by interactive Web

23  sites where a user can exchange information with the host computer. In these cases, the exercise

24  of jurisdiction is determined by examining the level of interactivity and commercial nature of the

25  exchange of information that occurs on the website. *Zippo*, 952 F. Supp. at 1124 (citations

26  omitted).

27  ///

28  ///

1.   **General Jurisdiction over Defendants Is Lacking Because Stoddard**
**Does Not Have Substantial Contacts with Nevada.**

The exercise of personal jurisdiction is rooted in notions of fundamental fairness: a nonresident defendant whose contacts with the forum state are "continuous and systematic" should not escape the judicial reach of the forum merely because it is not incorporated there or otherwise physically present. Thus, "[e]ven when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Conversely, fairness and reasonableness dictate that an organization with only attenuated or sporadic contacts with the forum should not be called upon to defend itself there. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (holding that personal jurisdiction could not be exercised over individual partners within a partnership absent evidence of their contacts with the forum state).

Understandably, the standard for general jurisdiction is high: "the commercial activity must be of a substantial enough nature that it 'approximate[ s] physical presence." *Gatorcom*, 341 E3d at 1079 (quoting *Bancroft & Masters, Inc.* v. *Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). Thus, the Ninth Circuit has drawn a distinction between "doing business in" the forum state and "doing business with" the forum state. *Bancroft*, 223 F.3d at 1086. "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.*

STODDARD is aware of no authority where a court has exercised general personal jurisdiction over a defendant *based solely on that defendant's Internet presence in the forum state.* Moreover, while the court in *Gatorcom* observed that "even if the only contacts [the defendant] had with California were through its virtual store, a finding of general jurisdiction in the instant case would be consistent with the 'sliding scale' test," the website at issue in that case

-8-

1   was "clearly and deliberately structured to operate as a sophisticated virtual store in California."

2   *Gatorcom,* 341 F.3d at 1078. That plaintiff had alleged that the defendant, a Maine corporation,

3   operated "a highly interactive, as opposed to "passive," website from which very large numbers

4   of California consumers regularly make purchases and interact with [the defendant's] sales

5   representatives." *Id.* In *Gatorcom* the totality of the defendant's contacts with California,

6   involved a thriving mail-order component and national print and broadcast advertising. *Id.*

7   Clearly the instant case contains no such extensive commercial, or even non- commercial

8   contacts with Nevada.

9        In some instances, even where a defendant maintains an interactive website and has other

10   contacts with the forum state, courts have declined to find personal jurisdiction.  For example, in

11   *Boschetto v. Hansing,* 539 F.3d 1011 (9th Cir. 2008), the Ninth Circuit noted that "[t]he district

12   court summarily, and correctly, rejected Boschetto's contention that the Defendants could be

13   subject to general jurisdiction in California." *Id.* at 1016 n.2 (9th Cir. 2008).

14        In the instant case, there is no allegation in Righthaven's First Amended Complaint that

15   STODDARD is engaged in any commercial activity concerning the State of Nevada whatsoever.

16   There is no allegation that the Website contains any advertising or sells any products or services.

17   Moreover, there are no allegations of any physical presence in Nevada.  In fact, STODDARD

18   has no significant business relationships within Nevada. (STODDARD Decl., ¶¶ 2-5).

19        The only basis for Plaintiffs claim of jurisdiction is that STODDARD maintains

20   managerial, editorial and administrative control over PN Media, the owner of the allegedly

21   infringing website.  (FAC, ¶¶9, 10, 11).  This passive Website can hardly be considered

22   substantial targeting or substantial contact under any test or standard.

23        Moreover, among the allegations that do not appear in the First Amended Complaint are:

24   that STODDARD: 1) has a physical presence in Nevada; 2) is incorporated here, 3) maintains

25   an office or have any employees in Nevada, or 4) has designated an agent for service of process

26   in the state.  This type of activity, present in *Gatorcom,* is clearly absent here. The only

27   "presence" that STODDARD has in Nevada is the allegedly managerial, editorial and

28   administrative control over the allegedly infringing website, which is accessible to residents of

1   Nevada in the same way that it is accessible to users anywhere in the nation and in most of the

2   rest of the world.

3            Here, the Court's initial determination of where along the sliding scale falls is not difficult

4   decision.  A passive website such as <www.pornnewz.com> is "not grounds for the exercise of

5   personal jurisdiction." under *Zippo Mfg. Co.*, 952 F .Supp. at 1124.  Only if the Website "clearly

6   do[es] business over the Internet," would personal jurisdiction be proper.  If a website is

7   somewhere in the middle, the Court must consider "the level of interactivity and the commercial

8   exchange of information that occurs on the Web site." *Id.*  Since the Website contains little to no

9   interactivity or the commercial exchange of information, the website must be considered purely

10  passive.

11          The Website falls virtually all the way to the passive side of the *Zippo* sliding scale.  It is

12  not interactive except for the ability for the viewer to choose to read certain material. It is not a

13  "highly interactive website from which very large numbers of [forum state] consumers regularly

14  make purchases and interact with sales representatives."  The Website simply disseminates

15  information, completely free of charge, to people located anywhere in the world.  The First

16  Amended Complaint does not allege otherwise.

17

18          **2.      The Court Also Lacks Specific Personal Jurisdiction over**

19                    **STODDARD.**

20          In the absence of general personal jurisdiction, a court may avail itself of specific

21  personal jurisdiction. The Ninth Circuit employs a three-pronged test to determine whether

22  the exercise of specific jurisdiction over a non-resident is appropriate:

23

24          (1) The non-resident defendant must purposefully direct his

25          activities or consummate some transaction with the forum or

26          resident thereof; or perform some act by which he purposefully

27          avails himself of the privilege of conducting activities in the

28          forum, thereby invoking the benefits and protections of its laws;

1    (2) the claim must be one which arises out of or relates to the

2    defendant's forum- related activities; and

3

4    (3) the exercise of jurisdiction must comport with fair play and

5    substantial justice, i.e. it must be reasonable.

6  *Boschetto,* 539 F.3d at 1016.

7    The plaintiff bears the burden of proving the first two prongs.  *Id.*  If the plaintiff

8  succeeds in establishing that the claim arose out of the defendant's purposeful activity within the

9  forum state, the burden then shifts to the defendant to come forward with a compelling case that

10 the exercise of jurisdiction would not be reasonable. *Id.*

11   In *Calder v. Jones,* 465 U.S. 783 (1984), the Supreme Court announced the so-called

12 "effects" test for determining when specific jurisdiction lies.  That test requires (1) there occurs

13 an intentional act (2) that the act is expressly aimed at the forum state and (3) that the act causes

14 injury that the defendant knows is likely to be suffered in the forum state.  See, *Brayton Purcell*

15 *LLP v. Recordon & Recordon,* 575 F.3d 981, 986 (9th Cir. 2009).  In *Calder,* which involved the

16 publication of allegedly libelous stories about the plaintiff, the Court held that where California

17 was the focal point both of the story and the harm suffered, jurisdiction over petitioners was

18 therefore proper in California based upon the 'effects' of their Florida conduct in California.  465

19 U.S. at 789.

20   The Ninth Circuit has applied this test in the context of a copyright infringement claim,

21 finding that where a defendant 'willfully infringed a copyrights owned by the plaintiff, which, as

22 the defendant knew, had its principal place of business in California, this fact alone is sufficient

23 to satisfy the purposeful availment requirement. *Columbia Pictures Television v. Krypton*

24 *Broadcasting of Birmingham, Inc.,* 106 F.3d284, 289 (9th Cir. 1997) rev'd on other grounds

25 *Felner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

26   The Ninth Circuit "construe[s] 'intent' as referring to an intent to perform an actual,

27 physical act in the real world, rather than an intent to accomplish a result or consequence of that

28 act." *Brayton Purcell,* 575 F.3d at 986 (internal quotations omitted).  Thus, in *Brayton Purcell*

1  the Court found that the defendant "committed an intentional act when it created and posted an

2  elder law section on its website that infringed [the plaintiffs] copyright.

3        The "express aiming" requirement of the effects test is still not satisfied in this case,

4  because STODDARD did not purposefully direct any conduct at Nevada.

### a.   *STODDARD has not directed any conduct at Nevada*

6        As noted above, PN Media's website falls totally to the "passive" pole of the sliding

7  scale. Interactivity alone, even if it were to exist here, however, would still be insufficient to

8  confer specific jurisdiction in this situation.  PN Media's website activities must be specifically

9  directed at Nevada residents for personal jurisdiction to be proper.  See *Millennium Enterprises,*

10 *Inc. v. Millennium Music, LP*, 33 F.Supp.2d 907, 921 (D.Or. 1999) (declining to exercise

11 jurisdiction where "plaintiff offers no evidence that defendants targeted Oregon residents with

12 the intent or knowledge that plaintiff could be harmed through their Web site," notwithstanding

13 that forum residents could make purchases on defendant's website).

14       The Ninth Circuit has held that individualized targeting is sufficient to satisfy the express

15 aiming requirement.  *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 988 (9th Cir.

16 2009).  In *Brayton Purcell*, the Court found purposeful direction where the defendant, a southern

17 California law firm, had copied text from the website of the plaintiff, a northern California law

18 firm whose practice extended to southern California, and pasted that text verbatim on its own

19 website. The court reasoned that this individual targeting of a known forum resident, which

20 allegedly created competition for the plaintiff and confusion as to authorship of the text,

21 amounted to express aiming. *Brayton Purcell*, 575 F.3d at 987.  However, where the effects of

22 the defendant's actions are insufficient to confer jurisdiction, additional contacts must be present.

23 *See Calder*, 465 U.S. at 790.

24       In the instant case, there is not even a single allegation contained in Plaintiff's First

25 Amended Complaint that STODDARD conducted or attempted to conduct any actual commerce

26 with Nevada residents. The information the Website provides to Nevada's residents is the exact

27 same as it provides to residents of New York, California, any other state or nation where the

28 Website is accessible.  Nevada receives no different treatment, nor is there any indication that the

1   Website's information is specifically tailored to Nevada residents more than those of any other

2   state.

3         STODARD therefore, has not expressly aimed any conduct at Nevada. Nor has

4   STODDARD engaged in the type of individual aiming found in *Brayton Purcell*. In that  case,

5   those defendants placed themselves in direct competition with the plaintiff in a district where

6   both the plaintiff and the defendants did business. In contrast, here, the Website acts solely as a

7   source of information aimed at people from all over the world who are interested in information

8   concerning gaming.

9         Moreover, in cases such as *Brayton Purcell*, there was a commercial element to the

10  defendants' activities. Here, there is no allegation of any commercial element at all. All that

11  Plaintiff's Fist Amended Complaint alleges is that Defendants reproduced the Work in

12  derogation of Righthaven's exclusive rights, created an unauthorized derivative Work and

13  distributed an unauthorized reproduction of the Work on the Website. (FAC, ¶¶ 43, 44, 45, 46)

14        Finally, with respect to the third requirement of the effects test, foreseeable harm, "this

15  element is satisfied when defendant's intentional act has 'foreseeable effects' in the forum."

16  *Brayton Purcell*, 575 F.3d at 988. "[T]his element does not require that the 'brunt' of the harm be

17  suffered in the forum, as some previous cases had suggested, and that this element may be

18  established even if 'the bulk of the harm' occurs outside the forum." *Id.* Here, there is no specific

19  allegation of harm to Righthaven, much less any allegation of foreseeability.

20        However, "the foreseeability that is critical to due process analysis is that the

21  STODDARD's conduct and connection with the forum State are such that he should reasonably

22  anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

23  286, 297 (1980). Clearly, such is not the case here. "The unilateral activity of those who claim

24  some relationship with a nonresident defendant cannot satisfy the requirement of contact with the

25  forum State." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

26              **b.      Plaintiff's Claim did not arise out of any Nevada-related**

27                      **activities by STODDARD.**

28  In order for the Nevada Court to exercise specific personal jurisdiction over

1   STODDARD, the claim at issue, copyright infringement, must have arisen from or be related to

2   his Nevada-related activities. The Ninth Circuit applies a "but for" test in determining whether a

3   claim arose from a defendant's contacts with the forum state. *Ballardv. Savage*, 65 F.3d 1495,

4   1500 (9th Cir.1995). If, but for the defendant's forum-related activities, the plaintiffs injury

5   would not have occurred, the "arising out of" requirement is satisfied. See *Harris Rutsky & Co.*

6   *Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122,1131-32 (9th Cir. 2003).

7          Courts in the Ninth Circuit have applied this test in the intellectual property context

8   where Internet activity is involved. In *Allstar Marketing Group, LLC v. Your Store Online,*

9   *20 LLC,* 666 F.Supp.2d 1109 (C.D.Cal. 2009), for example, the court found that the plaintiffs

10  trademark infringement claim arose out of the defendant's sale, through its website, of allegedly

11  infringing items. 666 F.Supp.2d at 1123.

12         In *Brayton Purcell LLP v. Recordon & Recordon*, the district court held that the "arising

13  out of" requirement was satisfied where 'But for the defendant's copyright infringement, which

14  reached into this District and which affected the plaintiff in this District, the plaintiffs claim

15  would not have arisen.'" 361 F.Supp.2d 1135, 1143 (N.D.Cal.2005).

16         In this case, the but-for test is not satisfied; therefore, it cannot be said that Righthaven's

17  claims arose out of STODDARD's Nevada-related activities. Although the Website is accessible

18  to Nevada residents, it is no more accessible there than to residents of any other state. There is

19  no evidence or even allegation that any Nevada residents accessed the article, or that any access

20  by Nevada residents to the Website was anything more than de minimus. Thus, Righthaven's

21  claims did not "arise out of" STODDARD's Nevada-related activities, and as a result, specific

22  personal jurisdiction does not exist.

23                    **c.      The exercise of specific jurisdiction by this Court would not be**

24                              **reasonable.**

25         An exercise of jurisdiction over a defendant must comport with notions of substantive

26  justice and fair play and must be reasonable. *Boschetto*, 539 F.3d at 1016. The Ninth Circuit

27  considers seven factors when assessing the reasonableness of jurisdiction: (1) the extent of a

28  defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum;

1   (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's

2   interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy;

3   (6) the importance of the forum to the plaintiffs interest in convenient and effective relief; and (7)

4   the existence of an alternative forum. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021

5   (9th Cir. 2002); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993).  Courts

6   weigh each of these factors, and no single factor on its own is dispositive. *Rio Props.*, 284 F.3d at

7   1021.

8        Often, the first factor, "interjection" is highly material to the court's determination

9   regarding the reasonableness of exercising jurisdiction in a particular case.  In *Rio Properties*, the

10  Ninth Circuit upheld the District of Nevada's finding that its exercise of specific jurisdiction was

11  reasonable because Rio International, based in Costa Rica, ran advertisements in Nevada and

12  solicited business there through means other than its website. *Id.*  Moreover, the plaintiffs

13  principal place of business was in Nevada, making it a convenient forum for litigation, and Rio

14  International had not proposed any alternative forum for litigation. *Id.*

15       Almost all of the factors on which the Ninth Circuit and District of Nevada have

16  predicated any finding of specific personal jurisdiction are absent in this case.  Certainly, the

17  most important of the *Rio* factors weigh in STODDARD's favor.  First, STODDARD simply has

18  not interjected himself into the District of Nevada on a level that gives rise to specific personal

19  jurisdiction.

20       Second, because STODDARD has virtually no contacts with Nevada, he would suffer

21  severe hardship in terms of cost and asymmetries of information if forced to defend a lawsuit in

22  the District of Nevada.  Moreover, all of STODDARD's evidence, including testimony, is

23  located outside of Nevada. Thus, they and third party witnesses would incur significant costs to

24  produce this evidence at trial.

25       It would be plainly unfair for STODDARD to be called on to defend himself in a forum

26  with which he has no contacts and in which he did not anticipate causing injury.  Related to this

27  is the fifth factor, the efficient resolution of this dispute.  Because virtually all of the testimonial

28  and most of the documentary evidence in this matter is located in California, it would be more

1   efficient for a court in that forum to resolve the case.

2

3   **E.    IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ORDERED TO FILE**

4   **A MORE DEFINITE STATEMENT PURSUANT TO _FEDERAL RULES_**

5   **_OF CIVIL PROCEDURE_, RULE 12(e)**

6   In this case, deciphering the Plaintiff's attempt at a complaint is difficult enough.  Even

7   trying to read between the lines and giving the Plaintiff ever reasonable inference, however, the

8   Complaint remains inadequately plead.  There are insufficient allegations to support Plaintiff's

9   claims, and therefore Plaintiff's claims should be dismissed.  In the alternative, a more definite

10  statement should be required under _Federal Rules of Civil Procedure_ §12(e).

11                                          **III.**

12                                   **CONCLUSION**

13  For the foregoing reasons, STODDARD respectfully requests that this Court dismiss

14  Plaintiff's First Amended Complaint as the claim for relief fail to state facts upon which relief

15  may be granted.  In addition, this Court should dismiss this action due to a lack of personal

16  jurisdiction over STODDARD.

17

18  DATED: March 10, 2011                Respectfully submitted,

19                                       ECOFF, BLUT & SALOMONS, LLP

20

21  By:_____//s//_____

                                         GARY K. SALOMONS, ESQ.
22                                       Attorney for Defendant
                                         ANDREW STODDARD

23

24

25

26

27

28

## DECLARATION OF ANDREW STODDARD

I, ANDREW STODDARD, hereby declare as follows:

1.      I am a defendant in the present action.  I have personal knowledge of the facts contained in this Declaration, and if called as a witness, I could and would competently testify thereto.

2.      I am a resident of the State of California, County of Los Angeles.  I have never maintained a residence in the State of Nevada.  I have never maintained an office in the State of Nevada.  I have no telephone listing in the State of Nevada.  I have no mailing address in the State of Nevada.

3.      I own no assets, no real property, no bank accounts or other tangible personal property in the State of Nevada.

4.      I have no employees residing or domiciled in the State of Nevada.

5.      I am the president of PN Media, Inc., a California corporation.  PN Media, Inc. is engaged in business in the adult entertainment industry.  PN Media, Inc. maintains its only office at 2313 San Fernando Blvd., Burbank, California 91504.  PN Media, Inc. has no branch offices or comparable facilities in the State of Nevada, and has no telephone listings or mailing address in the State of Nevada.

6.      PN Media, Inc. is not incorporated under the laws of the State of Nevada, nor has it qualified to transact business in Nevada.  I am not the officer, director, shareholder or employee of any business entity that maintains its offices within the State of Nevada.

7.      Neither PN Media, Inc. nor I direct any advertising in any publications toward Nevada residents, nor do we advertise in any publications that are directed primarily toward Nevada residents.

8.      The acts Plaintiff complains of in the First Amended Complaint all occurred outside the State of Nevada.

1    I declare under the penalty of perjury under the laws of the United States of America that

2    the foregoing is true and correct, and that this declaration is executed this 10th day of March, 2011,

3    at Los Angeles, California.

4

5    _____

6    ANDREW STODDARD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28