SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel.: (702) 304-0432
Fax: (702) 922-3851

*Attorneys for Plaintiff Righthaven LLC*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>HUSH-HUSH ENTERTAINMENT, INC., a suspended California company; PN MEDIA, INC., a California company; and ANDREW STODDARD, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01404-LRH-LRL<br><br>**PLAINTIFF RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT ANDREW STODDARD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO *FED. R. CIV. P.* 12(b)(6) AND 12(e)** |

Plaintiff Righthaven LLC ("Righthaven") hereby opposes Defendant Andrew Stoddard's ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to *FED R. CIV. P.* 12(b)(6) and 12(e) (Doc. # 17, the "Motion"). Righthaven's response to the Motion is based upon the below Memorandum of Points and Authorities, the Declaration of Shawn A. Mangano, Esq. ("Mangano Decl."), the pleadings and papers on file in this action, any oral argument this Court may allow, and any other matter of which this Court takes notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

As the Court is likely aware, Righthaven has pursued numerous copyright infringement lawsuits in this judicial district. In doing so, Righthaven has been subjected to the scrutiny of various anonymous Internet bloggers and entities that may find themselves facing allegations of unauthorized posting of copyright protected content. Occasionally, a defendant surfaces in a Righthaven copyright infringement action that engenders public sympathy on the Internet and in other media sources whether or not such sympathy is justified. This is not such a case.

The Defendant asking the Court to dismiss Righthaven's First Amended Complaint (the "Complaint") is accredited with starting one of the pioneer companies in "reality style interracial videos of adult entertainment." (Mangano Decl. Ex. 1.) Defendant's company, who is also a party to this action and against whom default has been entered, is credited with bringing such interesting pornographic titles to market as "My Daughter's Fucking Blackzilla." (*Id.* Ex. 2.)

While the apparent content of Defendant's pornographic endeavors may be shocking, his formation of an entity entitled PAK Inc., which is directed toward protecting copyrighted adult entertainment industry material, coupled with his arguments advanced in his request for dismissal are simply unbelievable given Righthaven's copyright infringement allegations in this case. (*Id.* Ex. 3 at 2.) Amazingly, the Defendant has justified forming this new adult content protection company by proclaiming, "You have people who think it's OK to steal my content and make money off of it, and that's bullshit." (*Id.*) Righthaven certainly concurs with Defendant's colorful assessment of the underlying basis for imposing copyright infringement liability. In fact, Righthaven maintains that when the dust settles in this case, the Defendant will have a far greater appreciation of the ramifications for stealing someone else's copyrighted material upon entry of a sizeable monetary judgment against him.

While the Defendant's liability is not before the Court, the arguments he advances in support of dismissal are clearly at odds with several decisions from this judicial district. For

example, the following decisions from various judges in this judicial district support denying Defendant the relief he has requested:[1]

    1)    *Righthaven LLC v. Vote For The Worst, LLC, et al.,* Case No. 2:10-cv-01045-KJD-GWF (D. Nev. March 30, 2011): Denying defendants' challenge to subject matter jurisdiction based on the argument that Righthaven did not own the copyright at the time of infringement. (Doc. # 28 at 2-3.) The court additionally rejected Defendants' personal jurisdiction challenge, which was virtually identical to the challenge raised by the Defendant in this case. (*Id.* at 3-6.)

    2)    *Righthaven LLC v. Mostofi,* Case No. 2:10-cv-01066-KJD-GWF (D. Nev. March 22, 2011): Denying the defendant's personal jurisdiction challenge. (Doc. # 19 at 2-5.)

    3)    *Righthaven LLC v. Majorwager.com, Inc.,* 2010 WL 4386499 (D. Nev. Oct. 28, 2010): Denying defendant's motion to dismiss on subject matter, personal jurisdiction and failure to state a claim challenges, which were also substantially similar to those presented by the Defendant in this case.

    4)    *Righthaven LLC v. Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372 (D. Nev. Sept. 2, 2010): Denying defendant's motion to dismiss for lack of subject matter and lack of personal jurisdiction.

When approached by Righthaven's counsel to reconsider the merits of the Motion before the Court in view of the numerous favorable decisions obtained by Righthaven in this judicial district, Defendant's counsel asserted that he would be unable to ascertain the applicability of such decisions to the circumstances upon which his client's relief is predicated. (Mangano Decl. ¶ 3.) Thus, Righthaven attempted in good faith resolve the Motion and thereby reduce the Court's workload without the need of this response. Despite these efforts, as argued below,

---

[1] The cited decisions are not all inclusive. Other decisions in this judicial district further support denying Defendant's Motion based on similar arguments and circumstances. *See Righthaven LLC v. Industrial Wind Action Group,* Case No. 2:10-cv-0601-RLH-PAL (denying motion for lack of personal jurisdiction brought by non-resident defendant); *Righthaven LLC v. EMTCity.com,* Case No. 2:10-cv-00854-HDM-PAL (denying personal jurisdiction claim by non-resident defendant).

3

Righthaven asks the Court to follow the well-worn path established by other decisions from this judicial district, along with cited authority, and deny the Defendant's Motion.

## II.  FACTS

Righthaven alleges that it is the owner of the copyrighted literary work, authored by Sonya Padgett, entitled "XXXChurch.com strives to demonstrate Jesus' love overcomes any stigma" (the "Work"). (Doc. # 6 ¶¶ 14, 32; Doc. # 6-1, Ex. 2.)  The Work was originally published on May 30, 2010 in in the *Las Vegas Review-Journal*. (Doc. # 6 ¶¶ 14-15, 33; Doc. # 6-1, Ex. 2.)  The Work clearly identifies the *Las Vegas Review-Journal* as the original source publication, but this attribution was removed from the infringing version of the Work. (Doc. # 6-1, Exs. 2-3.) Substantively, the Work examines a nonprofit religious organization's outreach efforts directed toward topless dancers working in Las Vegas adult entertainment establishments such as Cheetah's and Rick's Cabaret.  (*Id.*)

Righthaven asserts that on or about July 7, 2010 the Work was published without authorization on the Internet domain found at <pornnewz.com> (the "Website"). (Doc. # 6 at 2-3.)  In fact, a review of the allegedly infringing copy of the Work illustrates that it was altered to remove reference to its original source, the *Las Vegas Review-Journal.* (Doc. # 6-1, Ex. 3.) Righthaven contends that PN Media, Inc. ("PN Media") is the registrant, administrative and technical contact for the Website.  (Doc. # 6 ¶ 7.)  Hush-Hush Entertainment, Inc. ("Hush-Hush") is alleged to be the purported "owner" of the Website.  (*Id.* ¶ 8; Doc. # 6-1, Ex. 1.) Defendant is alleged to have maintained, and continues to maintain, managerial, editorial and administrative control of the Website.  (Doc. # 6 ¶¶ 9-11.)

Righthaven's request for entry of default against PN Media and Hush-Hush was granted by the Clerk of the Court on November 2, 2010.  (Doc. # 9.)  Defendant was subsequently served with a copy of Righthaven's Complaint, which is believed to have occurred at a pornography studio.  Defendant's Motion was subsequently filed on March 10, 2011. (Doc. # 17.)

## III. APPLICABLE STANDARDS

Defendant's Motion is brought under Federal Rules of Civil Procedure 12(b)(2) ("Rule 12(b)(1)") and 12(b)(6) ("Rule 12(b)(6)"), and 12(e) ("Rule 12(e)"). (Doc. # 17 at 5, 6, 16.) Defendant's Rule 12(b)(6) challenge is substantively a request of dismissal for lack of personal jurisdiction, which is typically sought pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)"). (*Id.* at 6.) Despite Defendant's failure to seek such relief under Rule 12(b)(2), the Motion must still be denied. In fact, the Court should deny the Defendant's Motion based upon application of the controlling standards under all basis upon which he seeks dismissal of Righthaven's Complaint.

### A. *Rule 12(b)(1) Standards.*

Rule 12(b)(1) allows for the dismissal of an action for lack of subject matter jurisdiction. FED.R.CIV.P. 12(b)(1). When performing an analysis under Rule 12(b)(1), the Court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of the non-moving party. *See Association of Am. Med. College v. United States,* 217 F.3d 770, 778-79 (9th Cir. 2000). The party challenging subject matter jurisdiction under Rule 12(b)(1) may also proffer extrinsic evidence in support of the relief requested. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). District courts have original subject matter jurisdiction over claims "arising under" federal law relating to patents, copyrights, trademarks and . . . related claims of unfair competition." 28 U.S.C. § 1338(a), (b); *see also Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.,* 336 F.3d 982, 986 (9th Cir. 2003). A copyright infringement plaintiff is required to allege: (1) ownership of a valid copyright; and (2) the defendant's violation of one or more of the copyright owner's exclusive rights set forth under the Copyright Act. *Ellison v. Robertson,* 357 F.3d 1072, 1077 (9th Cir. 2004); *see also Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).

Defendant argues that Righthaven's Complaint should be dismissed pursuant to Rule 12(b)(1) because it "fails to sufficiently allege[] an ownership interest in the Work at the time of the alleged infringement . . . ." (Doc. # 17 at 5:9-11.) Arguments identical to those advanced by the Defendant have been repeatedly rejected in this judicial district. Consistent with these other

decisions, this Court should also reject Rule 12(b)(1) challenge before it.  Surprisingly, had Defendant performed even a cursory review of the Righthaven-related decisions rendered in this judicial district, he should have never advanced the Rule12(b)(1) argument presently before this Court for disposition.

### B. *Rule 12(b)(2) Standards.*

As stated above, Defendant does not ask the Court to dismiss Righthaven's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).  Rather, Defendant's personal jurisdiction challenge is brought under Rule 12(b)(6). (Doc. #17 at 6.)  Under either a Rule 12(b)(2) or under a Rule 12(b)(6) analysis, the Court is compelled to deny Defendant's Motion.  That said, Righthaven nevertheless sets forth the standards applicable to the Court's analysis should it construe the Defendant's Motion as being brought under Rule 12(b)(2).

Defendant's request for dismissal for lack of personal jurisdiction is brought despite the fact that he is alleged to have engaged in or permitted the display of a wholesale, unauthorized replication of the Work from a source publication, the *Las Vegas Review Journal*, that is unquestionably associated with the State of Nevada.  The source publication is clearly distributed to and its content is aimed principally at persons associated with, and largely residing in, the greater Las Vegas valley.  Moreover, the topic of the misappropriated Work expressly concerns a nonprofit religious organization's outreach efforts toward entertainers working in such Las Vegas establishments as Cheetah's and Rick's Cabaret. (Doc. # 6-1, Ex. 2 at 2.) With these facts in mind, the Court must evaluate whether the alleged facts, if true, are sufficient to establish personal jurisdiction. *See Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1289 (9th Cir. 1977).  Where allegations in the Complaint are contested via declarations or other evidence, such evidence must be competent and admissible. *See id.* at 1289 n.5.  When a defendant seeks dismissal pursuant to Rule 12(b)(2) in its initial response to the complaint, the plaintiff need only demonstrate a *prima facie* showing that personal jurisdiction exists. *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995).  A *prima facie* showing in this regard means that plaintiff has come forth with evidence or allegations that, if believed, would be sufficient to establish the existence of personal jurisdiction. *Cross v. Kloster Cruise Lines, Ltd.,* 897 F.Supp.

6

1304, 1309-10 (D. Or. 1995). Moreover, when dismissal is sought as an initial response to the complaint, all pleadings and declarations are construed in the plaintiff's favor because the plaintiff has not been provided with an opportunity to test the veracity of evidence submitted by the defendant. *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir. 1990); *Data Disc, Inc.,* 557 F.2d at 1285.

Once again, should the Court construe Defendant's request for dismissal under Rule 12(b)(2), which he has not specifically asserted, the result should be the same as the personal jurisdictional challenges asserted by a variety of Righthaven defendants in this judicial district – the Court should exercise specific personal jurisdiction over the Defendant. Accordingly, as argued below, Defendant's request for dismissal for lack of personal jurisdiction must be denied.

### C. *Rule 12(b)(6) Standards.*

While Defendant has apparently not specifically challenged personal jurisdiction under Rule 12(b)(2), he has done so under Rule 12(b)(6). (Doc. # 17 at 6-17.) Defendant's apparent ignorance of Rule 12(b)(2) aside, the Court is compelled to deny his request for relief under Rule 12(b)(6) for lack of personal jurisdiction.

A request for dismissal pursuant to Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *See Gilligan v. Jamco Dev. Corp,* 108 F.3d 256, 249 (9th Cir. 1997) (internal quotations marks omitted). Dismissal pursuant to Rule 12(b)(6) is only appropriate in extraordinary cases. *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981); *Cauchi v. Brown,* 51 F.Supp.2d 1014, 1016 (E.D. Cal. 1999); *United States v. White,* 893 F.Supp. 1423, 1428 (C.D. Cal. 1995). The "court's role at the 12(b)(6) stage is not to decide winners and losers or evaluate the strength or weakness of claims . . . ." *Jacobson v. Hughes Aircraft Co.,* 105 F.3d 1288, 1292 (9th Cir. 1997). Thus, courts do not consider whether the plaintiff will ultimately prevail under Rule 12(b)(6), but only whether the plaintiff is entitled to offer evidence in support of the claims alleged. *Allison v. California Adult Auth.,* 419 F.2d 822, 823 (9th Cir. 1969). In fact, dismissal is only "appropriate when it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint." *See Burnett v. Twentieth Century Fox Film Corp.,* 491 F.Supp.2d 962, 966 (C.D. Cal. 2007). All

allegations asserted in the complaint must be construed in favor of the non-moving party and all material allegations – including any reasonable inferences drawn from same – must be accepted as true by the Court under a Rule 12(b)(6) analysis. *See id.* Where dismissal is granted, leave to amend should be granted unless doing so is futile. *In re Silicon Graphics, Inc. Sec. Litig.,* 183 F.3d 970, 991 (9th Cir. 1999).

The Court is prohibited from considering material outside the complaint under Rule 12(b)(6) unless it converts the motion into one seeking summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001); *Beliveau v. Caras,* 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). Such a conversion is generally disfavored if "(1) the motion comes quickly after the complaint was filed, (2) discovery is in its infancy and the nonmovant is limited in obtaining and submitting evidence to counter the motion, or (3) the nonmovant does not have reasonable notice that a conversion might occur." *Rubert-Torres v. Hospital San Pablo, Inc.,* 205 F.3d 472, 475 (1st Cir. 2000). Notice in this regard has been interpreted to require at least ten (10) days notice. *See In re Rothery,* 143 F.3d 546, 549 (9th Cir. 1998); *see also Mack v. South Bay Beer Distrib., Inc.* 798 F.2d 1279, 1282 (9th Cir. 1986).

Several judges in this judicial district have exercised specific personal jurisdiction in cases involving copyright infringement allegations asserted by Righthaven against non-forum based defendants. The same result is compelled in this case. The Court should exercise specific personal jurisdiction over the Defendant and deny his request for dismissal

**D. *Rule 12(e) Standards.***

Defendant's final challenge to Righthaven's Complaint is brought under Rule 12(e). According to the Defendant, "deciphering the Plaintiff's attempt at a complaint is difficult enough. Even trying to read between the lines and giving the Plaintiff ever[y] reasonable inference, however, the Complaint remains inadequately plead." (Doc. # 17 at 16:6-8.) Defendant's statements in this regard are simply ridiculous – particularly given that he could have readily ascertained the viability of such an argument upon even a cursory review of the decisions reached in a host of Righthaven cases filed in this judicial district. This observation

aside, there is simply no basis to grant Defendant's request for a more definite statement under Rule 12(e).

Relief under Rule 12(e) is only appropriate under circumstances where the pleading to which a responsive pleading is allowed is "so vague or ambiguous that the party cannot reasonably prepare a response." FED.R.CIV.P. 12(e). "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claims being asserted." *Sagan v. Apple Computer, Inc.,* 874 F.Supp. 1072, 1077 (C.D. Cal. 1994). "Motions for more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." *Id.*

Righthaven has clearly satisfied the pleading requirements required to assert to its copyright infringement claims against the Defendant. In fact, he obviously understands the nature of the Righthaven's copyright infringement claims based on his contention that this Court somehow lacks subject matter jurisdiction based on an erroneous interpretation of the operative events giving rise to such infringement allegations. (Doc. # 17 at 4-5.) Moreover, Defendant is apparently the founder of an adult entertainment copyright content protection company. (Mangano Decl. Ex. 3 at 2.) Thus, he must certainly have more than a rudimentary understanding of the pleading requirements necessary to assert a copyright infringement claim. These facts alone justify denying his request for a more definite statement under Rule 12(e).

### IV.   ARGUMENT

While Defendant's Motion is brought under several independent grounds, the factual basis upon which his relief is predicated can be distilled down to two arguments: (1) the Complaint must be dismissed for lack of subject matter jurisdiction (pursuant to Rule 12(b)(1)) or, alternatively, dismissed for failure to state a claim upon which relief can be granted (pursuant to Rule 12(b)(6)), because Righthaven has failed to allege ownership of the Work at the time of the alleged infringement (Doc. # 17 at 4-6); or (2) the Complaint must be dismissed for lack of personal jurisdiction, which is asserted under Rule 12(b)(6) but which should have been brought under Rule 12(b)(2) as noted above. Finally, Defendant claims he is unable to formulate a response to Righthaven's Complaint and, as such, ask the Court to grant his request for a more

definite statement under Rule 12(e).  Defendant's arguments are not only without merit – they are ludicrous in view of the numerous prior decisions from this judicial district that have rejected arguments virtually identical to those presently before the Court.  Defendant's ignorance of these decisions and his unwillingness to reconsider the basis for the relief sought aside, the Court is compelled to deny the Motion.

### A. *Defendant's Contention That Dismissal is Warranted Under Rule 12(b)(1) or Rule 12(b)(6) Based on Righthaven's Allegations of Ownership And Copyright Registration Must be Summarily Rejected.*

Defendant's request for dismissal under Rule 12(b)(1) and/or Rule 12(b)(6) is predicated on the mistaken premise that Righthaven is required to allege ownership of the Work at the time of the alleged infringement. (Doc. # 17 at 4-6.)  Defendant's argument is not only contrary to decisions reached by other members of this Court, but it is contrary to the very case law upon which he relies.  Righthaven would certainly expect that the founding member of an adult entertainment content protection entity would possess enough rudimentary knowledge of copyright litigation so as to comprehend the illegitimacy of such an argument.

To establish subject matter jurisdiction and survive a Rule 12(b)(6) challenge for failure to state a claim upon which relief can be granted for copyright infringement, Righthaven must allege: (1) ownership of a valid copyright; and (2) that the defendant violated one or more of its exclusive rights under the Copyright Act.  *See Ellison,* 357 F.3d at 1077; *see also Feist Publications, Inc.,* 499 U.S. at 361; *Majorwager.com, Inc.,* 2010 WL 4386499, at *1-2; *accord Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *2. The heightened pleading requirements of Federal Rule of Civil Procedure 9 do not apply to a copyright infringement claim. *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *2; *accord Empress LLC v. San Francisco,* 419 F.3d 1052, 1055 (9th Cir. 2005); *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1104 (9th Cir. 2003).   The United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") has held that an assignor can transfer the ownership interest in an accrued past infringement if the assignment is accompanied by an exclusive right recognized under the Copyright Act.  *Silvers v. Sony Pictures Entm't Inc.,* 402 F.3d 881, 890 (9th Cir. 2005); *accord*

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 944 F.2d 971 (2d Cir. 1991). Moreover, a plaintiff is not required to attach a copyright assignment to its complaint or allege its existence and validity to assert an infringement claim because such issues can be vetted through the course of discovery. *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *2.

Here, Righthaven has unquestionably satisfied its pleading obligations to defeat Defendant's dismissal challenges under Rule 12(b)(1) and/or Rule 12(b)(6).  To begin with, Righthaven has asserted that it is the owner of the copyright in and to the Work that it alleges to have been infringed.  (Doc. # 6 ¶¶ 14, 32.)  In this regard, Righthaven has attached evidence of registration from the United States Copyright Office to the Complaint.  (Doc. # 6-1, Ex. 4.) These allegations and evidence clearly satisfy that Righthaven has more than adequately alleged that it is the owner of the copyright in and to the Work at issue in this case.  Simply put, Righthaven has set forth sufficient facts to establish that dismissal is unwarranted on the grounds that it has failed to adequately assert ownership of the Work.

Righthaven's allegations of ownership aside, and even though it is not required to allege the basis upon which it acquired the rights in and to the Work, other members of this Court have examined the assignment upon which ownership is predicated and they have upheld their validity in view of the Ninth Circuit's requirements under the *Silvers* decision. *See Vote For The Worst, LLC, et al.,* Case No. 2:10-cv-01045-KJD-GWF (D. Nev. March 30, 2011)(Doc. # 28 at 2-3); *accord Majorwager.com, Inc.,* 2010 WL 4386499, at *1-2.  There is certainly nothing novel about the assignment of rights received by Righthaven in this case.  This observation aside, Righthaven is certainly willing to formally submit its assignment of the Work should the Court require it to be part of the record in order to dispose the Defendant's Motion.  Righthaven, however, maintains that such a showing is not required to establish ownership in a copyright infringement action, particularly in view of the registration materials attached to the Complaint. (Doc. # 6-1, Ex. 4.)  Moreover, the Defendant has cited absolutely no case law that supports his assertion that Righthaven is required to assert ownership of the Work at the time of the alleged infringement.  In fact, the case law cited by the Defendant in support of this proposition is wholly consistent with Righthaven's position and with other decisions reached in this judicial

district involving identical claims by Righthaven defendants. Accordingly, Defendant's request for relief under Rule 12(b)(1) and Rule 12(b)(6) should be denied.

### B. *The Defendant is Subject to Personal Jurisdiction in The State of Nevada.*

Defendant next asserts that dismissal is required because the Court cannot exercise personal jurisdiction over him. (Doc. # 17 at 6-17.) Defendant argues the Court lacks a basis to exercise general jurisdiction or specific jurisdiction over him, which requires dismissal of Righthaven's Complaint. (*Id.*) Righthaven is unimpressed by Defendant's personal jurisdiction arguments given that it has repeatedly defeated such challenges raised by non-resident defendants in this judicial district. *See, e.g., Vote For The Worst, LLC, et al.,* Case No. 2:10-cv-01045-KJD-GWF (Doc. # 28 at 3-6); *Mostofi,* Case No. 2:10-cv-01066-KJD-GWF (Doc. # 19 at 2-5); *Majorwager.com, Inc.,* 2010 WL 4386499, at *3-4; *accord Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1. The same conclusion is warranted in this case as reached in the cited prior decisions from this judicial district – the Court exercise personal jurisdiction over the Defendant.

#### *1. A finding of general jurisdiction would require discovery.*

Defendant first maintains that he has insufficient continuous and systematic contacts with the forum state to justify the exercise of general personal jurisdiction over him. (Doc. # 17 at 8-10.) Righthaven concedes that, absent discovery, it does not have sufficient evidence to establish general jurisdiction over the Defendant. If discovery were permitted, however, Righthaven believes that it could make such a showing given that Defendant is in the adult video entertainment industry. (Mangano Decl. Exs. 1-2.) It would defy logic to conclude that such a prominent member of the adult entertainment industry would not routinely attend such events as the Adult Video News Awards or participate in industry-related conventions such as those held in connection with the event previously known as COMDEX. Attendance at such events, which are held annually in Las Vegas, would contradict any claims that Defendant has not purposefully availed himself of general jurisdiction in the State of Nevada. At this stage of the proceedings, however, Righthaven does not have the ability to explore these issues through discovery and present sufficient evidence for the Court to exercise general personal jurisdiction over the

Defendant. Nevertheless, Righthaven certainly maintains that specific personal jurisdiction should be exercised over the Defendant, which is consistent with the multiple decisions cited herein from this judicial district.

        2.     *The Court has specific personal jurisdiction over the Defendant.*

The Defendant next maintains that the Court cannot exercise specific personal jurisdiction over him in view of Righthaven's allegations. (Doc. # 17 at 10-16.) Once again, Defendant is wrong and his request for dismissal on this basis must be rejected.

In order to exercise specific personal jurisdiction over a non-resident defendant the Court must apply a three-part test: (1) the non-resident defendant must do some act or consummate some transaction within the forum, or perform some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking its benefits and protections; (2) the claim asserted against the non-resident defendant must be one that arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *See Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 416 (9th Cir. 1997).

        a)     *The first prong of the specific jurisdictional analysis is satisfied based on the Defendant's willful infringement of material known to come from this state.*

Under the first, purposeful availment, prong of the specific jurisdictional analysis, the Ninth Circuit has held that the defendant must have allegedly: (1) committed an intentional action; (2) aimed at the forum state; and (3) which causes harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 803 (9th Cir. 2004). The Ninth Circuit has expressly held that willful copyright infringers who reproduce content from a source known to exist in the forum purposefully avail themselves of jurisdiction within said forum. *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997). Specifically, the *Columbia* court held that the ***purposeful availment inquiry ends*** in copyright infringement cases where the defendant "willfully infringed copyrights owned by [the plaintiff], which, as [the defendant] knew had its

13

principal place of business in the [forum jurisdiction]." *Id*. The *Columbia* holding is dispositive to this analysis and, as discussed earlier, has been repeatedly followed by this Court.

As argued above, the Defendant is not someone who is naïve to the concept of copyright infringement liability. (Mangano Decl. Ex. 3.) Rather, he established a company to help enforce the rights of copyright holders in the adult entertainment industry. (*Id.*) Moreover, other courts in this judicial district have found that it is common knowledge that content appearing in the *Las Vegas Review-Journal* is published and distributed in Las Vegas, Nevada by the party that is alleged to have assigned its rights in the Work to Righthaven. *See, e.g., Vote For The Worst, LLC, et al.,* Case No. 2:10-cv-01045-KJD-GWF  (Doc. # 28 at 4); *Mostofi,* Case No. 2:10-cv-01066-KJD-GWF (Doc. # 19 at 3); *Majorwager.com, Inc.,* 2010 WL 4386499, at *3; *Dr. Shezad Malik Law Firm P.C.,* 2010 WL 3522372, at *1. To the extent the Defendant was somehow unaware of this fact, such knowledge is properly imputed to him. *See Majorwager.com, Inc.,* 2010 WL 4386499, at *3. Moreover, the Work's subject matter specifically relates to activities within the forum state. (Doc. # 6-1, Ex. 2.) The foregoing facts, coupled with Righthaven's allegations that Defendant willfully infringed its rights in and to the Work are dispositive of the first prong under the Ninth Circuit's specific jurisdictional analysis.

> **b)** ***The second prong of the specific jurisdictional analysis is satisfied because Righthaven's claims arise out of the Defendant's forum-related activity.***

The second prong of the Ninth Circuit's specific jurisdictional analysis examines whether the plaintiff's claim arises out of the defendant's forum-related activity. *See Schwarzenegger,* 374 F.3d at 803. Righthaven's claim in this case is no different than those found to satisfy this prong of the Ninth Circuit's analysis in other actions brought in this judicial district – the Work alleged to have been infringed by the Defendant arose from its publication in the *Las Vegas Review-Journal* and its related posting on the media publication's website. (Doc. # 6 at 3.) As stated by Judge Navarro in the *Magerwager.com, Inc.* decision, the second prong of the Ninth Circuit's analysis "is easily satisfied as Plaintiff's claim, that Defendant allegedly infringed the copyrighted material, arose from the publication of the article in the state of Nevada . . . ."

*Majorwager.com, Inc.,* 2010 WL 4386499, at *3. Defendant has raised no new facts or circumstances to deviate from this reasoning or from the reasoning of other members of this Court in examining the second prong of the Ninth Circuit's specific jurisdictional analysis. Accordingly, this prong weighs in favor of the Court exercising personal jurisdiction over the Defendant.

### c) It is reasonable to exercise personal jurisdiction over the Defendant, thereby satisfying the Ninth Circuit's third analysis prong.

Finally, the exercise of specific personal jurisdiction over the Defendant in this case satisfies the third prong of the Ninth Circuit's test in that doing so would be reasonable. *Columbia Pictures Television,* 106 F.3d at 289. "[T]here is a presumption of reasonableness upon a showing that he defendant purposefully directed his action at forum residents which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable." *Id.; see also Haisten v. Grass Valley Med. Reimbursement,* 784 F.2d 1392, 1397 (9th Cir. 1986). Righthaven is certainly entitled to such a presumption given the facts and allegations before the Court. Accordingly, the exercise of specific personal jurisdiction over the Defendant should be deemed reasonable, as no meaningful basis to conclude otherwise has been presented to the Court.

Absent such a presumption, which Righthaven is certainly entitled to in this case, the Court must consider the following factors in determining whether the exercise of specific personal jurisdiction would be unreasonable: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant in defending the suit in the forum state; (3) the extent of conflict with the sovereignty of the defendant's forum state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient and convenient forum for adjudicating the dispute; (6) the importance of the chosen forum to the plaintiff's interest in obtaining convenient and effective relief; and (7) the existence of an alternative forum. *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,* 1 F.3d 848, 851 (9th Cir. 1993). These factors weigh in favor of the Court exercising specific jurisdiction over the Defendant.

Turning to the first factor, the Defendant's purposeful interjection into the forum state parallels the question of minimum contacts, which Righthaven has demonstrated supports the exercise of specific jurisdiction. *See Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1199 (9th Cir. 1988). While the Defendant contends otherwise, the allegations before the Court clearly demonstrate meritorious copyright infringement claims involving a literary work generated by the "forum state's largest local newspaper publisher written about . . ." a topic involving Las Vegas, Nevada. *See Majorwager.com, Inc.,* 2010 WL 4386499, at *4. Furthermore, the infringing copy of the Work omitted reference to the *Las Vegas Review-Journal* as the source publication. (Doc. # 6-1, Ex. 3.) The Defendant is alleged to maintain managerial, administrative, and editorial control of the Website's content. (Doc. # 6 ¶¶ 9-11.) These facts clearly support a finding of reasonableness under the purposeful interjection factor. Defendant's claims to the contrary simply ignore the analysis that has been routinely applied in this judicial district.

The second factor, the burden on the defendant in defending the action in the forum state, also establishes reasonableness of exercising specific personal jurisdiction in this case. Defendant maintains that it would be burdensome for him to defend this action "[b]ecause virtually all of the testimonial and most of the documentary evidence in this matter is located in California . . . ." (Doc. # 17 at 15:27-28.) Apparently, the Defendant "would suffer severe hardship in terms of costs and asymmetries of information if forced to defend a lawsuit in the District of Nevada." (*Id.* at 15:20-22.) Defendant's assertions are nothing short of comical. First, California is located in close proximity to the forum state. It takes approximately one hour to fly from Los Angeles, California to Las Vegas, Nevada. Depending upon the time of day, it takes approximately four hours to drive from Los Angeles to Las Vegas. Moreover, Defendant's counsel maintains an office in both California and in Las Vegas. These circumstances hardly support a finding that the Defendant would be unreasonably burdened by defending this case in the forum state. In fact, the alleged burden imposed upon the Defendant in this case falls well short of those confronted by a Canadian citizen as to this factor, which resulted in the court exercising personal jurisdiction over that defendant. *See Majorwager.com, Inc.,* 2010 WL

4386499, at *4.  In short, there is no credible basis upon which the Court could conclude that the Defendant would be unreasonably burdened by defending this lawsuit.

Defendant raises no substantive arguments with regard to the third reasonableness factor (Doc. # 17 at 15-16), which considers the extent of conflict with the sovereignty of the defendant's state. *See Amoco Egypt Oil Co.,* 1 F.3d at 851.  Thus, he apparently concedes that this factor weighs supports a finding of reasonableness.

Likewise, Defendant presents no substantive arguments with regard to the fourth reasonableness factor (Doc. # 17 at 15-16), which considers the forum state's interest in adjudicating the dispute. *See Amoco Egypt Oil Co.,* 1 F.3d at 851. As noted by Judge Navarro, "the forum state has an interest in adjudicating an infringement upon a news article originated by the forum state's largest local newspaper publisher . . . ." *Majorwager.com, Inc.,* 2010 WL 4386499, at *4.  Defendant's apparent concession aside, Judge Navarro's reasoning is equally applicable to the facts before this Court given the Work at issue was originated by the same publisher, the *Las Vegas Review-Journal*, as in the *Majorwager.com, Inc.* dispute.  Accordingly, the forum state's interest in adjudicating this dispute supports a finding that exercising specific personal jurisdiction over the Defendant is reasonable.

The fifth reasonableness factor additionally supports the Court exercising specific personal jurisdiction over the Defendant.  This factor considers the most efficient resolution of the dispute. *See Amoco Egypt Oil Co.,* 1 F.3d at 851.  Defendant's arguments in support of this factor simply parrot his unpersuasive and nebulous claim that testimonial and documentary evidence is located in California, thereby somehow making this forum an inefficient place for resolving the dispute.  (Doc. # 17 at 15.)  Defendant's assertions, however, completely ignore the fact that this case involves the infringement of a Work originally published in this forum by a news media company located in the forum state that assigned the rights in and to the Work to Righthaven, a Nevada limited-liability company located in the forum state.  Moreover, given the that a considerable number of copyright infringement actions are pending in or have been adjudicated in this judicial district, which involve or have involved defendants from numerous different states, the interstate judicial system benefits from resolving these matters in the same

forum. *See Majorwager.com, Inc.,* 2010 WL 4386499, at *4. Accordingly, the fifth reasonableness factor clearly supports the Court exercising specific personal jurisdiction over the Defendant.

Defendant fails to raise any material arguments as to the sixth and seventh reasonableness factors in support of his requested relief. (Doc. # 17 at 15-16.) As such, Defendant has conceded that these factors support a finding of reasonableness since he bears the burden of demonstrating otherwise given his alleged conduct. *See Columbia Pictures Television,* 106 F.3d at 289. Accordingly, the Court is compelled to find that the sixth and seventh reasonableness factors support exercising specific personal jurisdiction over the Defendant.

In sum, each and every factor the Court is required to consider in deciding whether the exercise of specific jurisdiction over the Defendant would be reasonable supports a finding that it would be reasonable to do so. Defendant has conceded that the third, fourth, sixth and seventh factors support a finding of reasonableness through his failure to substantively articulate a basis to find otherwise. His arguments with regard to the other remaining reasonableness factors are so unpersuasive that they are readily dismissed upon proper consideration. As such, the exercise of specific personal jurisdiction over the Defendant is clearly reasonable. Given that the other specific jurisdiction factors support exercising jurisdiction over the Defendant, his Motion must be denied.

### C. *Defendant's Request For a More Definite Statement is Unwarranted And Must be Denied.*

Defendant next asks the Court to order Righthaven to plead its copyright infringement claim with more specificity pursuant to Rule 12(e). (Doc. # 6 at 16.) Defendant's requested relief is completely unwarranted. As noted above, "[a] Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claims being asserted." *Sagan,* 874 F.Supp. at 1077. Here, the Defendant certainly appreciates the nature of the copyright infringement claims asserted against him as evidenced by his lack of subject matter jurisdiction arguments. Moreover, the Defendant advances this ridiculous assertion despite the fact that he founded a company that purportedly seeks to stop the unauthorized replication of

adult entertainment copyrighted material through litigation. (Mangano Decl. Ex. 3 at 2.) In short, the Defendant fully appreciates the nature of the claims asserted in Righthaven's Complaint. His request for relief under Rule 12(e) is completely baseless. Accordingly, it should be denied.

## V.  CONCLUSION

For the reasons set forth above, Righthaven respectfully requests that the Court deny Defendant's Motion in its entirety and grant such other relief as it deems proper.

Dated this 4th day of March, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 4th day of March, 2011, I attempted to serve the foregoing document via the Court's CM/ECF system, but was not successful in doing so due to Internet connectivity issues until March 5, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*