1  Gary K. Salomons, Esq., #3150
   Elliot S. Blut, Esq., # 6570
2  ECOFF, BLUT & SALOMONS, LLP
   300 South Fourth Street, Suite 701
3  Las Vegas, Nevada 89101
   Telephone: (702)384-1050
4  Facsimile: (702)384-8565

5  Attorneys for Defendant
   ANDREW STODDARD,
6  an individual

7
                    UNITED STATES DISTRICT COURT
8
                        DISTRICT OF NEVADA
9

10

11  RIGHTHAVEN, LLC, a Nevada Limited      )  CASE NO. 2:10-cv-01404-LRH-LRL
    Liability Company,                     )
12                                         )
                   Plaintiff,              )  **DEFENDANT ANDREW**
13                                         )  **STODDARD'S REPLY IN SUPPORT**
          v.                               )  **OF MOTION TO DISMISS**
                                           )  **PLAINTIFF'S FIRST AMENDED**
14  HUSH-HUSH ENTERTAINMENT, INC.,         )  **COMPLAINT; MEMORANDUM OF**
    a suspended California Corporation; PN )  **POINTS AND AUTHORITIES**
15  MEDIA, INC., a California Company;     )
    ANDREW STODDARD, an individual,        )
16                                         )
                   Defendants.             )
17                                         )
                                           )
18  ―――――――――――――――――――――――

19       Defendant ANDREW STODDARD ("Defendant" or "Stoddard") by and through his

20  counsel of record, Ecoff, Blut & Salomons, LLP, hereby submits his Reply in Support of his

21  Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the

22  *Federal Rules of Civil Procedure*.

23  DATED: April 18, 2011              ECOFF, BLUT & SALOMONS, LLP

24

25                                     By:          //s//

26                                           ELLIOT S. BLUT, ESQ.
                                             Attorneys For Defendant
27                                           ANDREW STODDARD

28

                                    1

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff's shrill Opposition to this Motion to Dismiss is long on hyperbole, short on law. Plaintiff's argument can be distilled to two points: 1) There have been other cases in this jurisdiction in which Righthaven, LLC was the Plaintiff, and the Courts found that they had personal jurisdiction over the defendants in those cases; and 2) The Defendant in this case is involved in the adult film industry, so he *must* have availed himself of the judicial forum in Nevada.  Neither of these intellectually lazy arguments has any merit, or stands up to even minimal scrutiny.

Simply put, Plaintiff has no authority for its novel position that this Court has personal jurisdiction over the individual Defendant, Andrew Stoddard, who has absolutely no ties to Nevada which could constitute a basis for personal jurisdiction.  Moreover, Plaintiff concedes that it is not the creator of the work in question, and therefore has failed to allege properly that it is an assignee of the copyrights in question.  For these reasons, this Motion to Dismiss should be granted as prayed.  In the alternative, Plaintiff should be ordered to provide a more definite statement, pursuant to *Federal Rule of Civil Procedure* 12(e).

## II.

## LEGAL ARGUMENT

### A. PLAINTIFF'S OPPOSITION IS BASED ON OTHER DISTRICT COURT DECISIONS WHICH ARE IRRELEVANT, INADMISSIBLE HEARSAY, AND DO NOT CONSTITUTE PRECEDENTIAL AUTHORITY

It is axiomatic that evidence submitted to the Court in connection with a motion must meet all requirements for admissibility of evidence if offered at the time of trial.  *See, Travelers Cas. & Sur. Co. Of America v. Telstar Const. Co., Inc.,* 252 F. Supp. 917, 922 (D.C. AZ 2003). Plaintiff violates this procedural mandate in virtually every possible way.

In opposition to this Motion to Dismiss, Plaintiff relies upon its counsel's hearsay contentions that there are "decisions from various judges in this judicial district [which] support

1  denying Defendant the relief he has requested." (Response to Motion to Dismiss (hereinafter the
2  "Opposition"), p. 3, ll. 1-2.) This argument is simplistic and illogical. The District Court's
3  decisions in other cases, involving different parties and different facts (which are not described
4  for the Court) offer no precedential authority to this Court. A court may take judicial notice of
5  another court's order only for the limited purpose of recognizing a judicial act that an order
6  represents, or the subject matter of litigation. *U.S. v. Jones*, 29 F.3d 1549 (11th Cir. 1994).
7  Although a court may take judicial notice of other federal District Court decisions, such decisions
8  have no binding authority; binding authority applies only to appellate decisions, not to trial court
9  decisions. *Peviani v. Hostess Brands, Inc.,* 2010 WL 4553510 (C.D. Cal. 2010). In other words,
10 merely because a different Court found that it had subject matter and personal jurisdiction in
11 another case involving the Plaintiff before this Court, does not mean that substantive
12 jurisdictional requirements have been met in this case.

13      Indeed, Plaintiff has not even properly requested that the Court take judicial notice of
14 other rulings, which still would not support denial of this Motion, in *this* case. Judicial notice is
15 limited to those facts no subject to reasonable dispute and either "generally known" in the
16 community, or "capable of accurate and ready determination" by reference to sources whose
17 accuracy cannot be reasonably questioned. *Federal Rule of Evidence* 201; *see, Lee v. City of Los
18 Angeles,* 250 F. 3d 668, 688, 690 (9th Cir. 2001). With respect to judicial notice of court
19 proceedings and files, a court may take judicial notice of a ruling in another case, but not of
20 another court's findings of fact. *See, MVM Inc. v. Rodriguez,* 568 F. Supp. 2d 158 (D.C. Puerto
21 Rico 2008); *A.I. Trade Finance, Inc. v. Centro Internationale Handelsbank AG*, 926 F.Supp.
22 378 (S.D.N.Y.1996). Thus, again, it is improper for the Plaintiff to request that this Court take
23 judicial notice of decisions in other lawsuits, which offer no precedential authority. *See, Peviani
24 v. Hostess Brands, Inc., supra,* 2010 WL 4553510.

25      Plaintiff's assertions regarding the findings of other judicial officers in other cases in this
26 jurisdiction are therefore inadmissible, irrelevant hearsay. *See, Federal Rules of Evidence,* Rules
27 401, 402, 801, 802. In sum, the rulings of other judges in other cases in this jurisdiction,
28 involving different parties and different facts, are not binding authority on this Court, and indeed,

1  offer no guidance.   Plaintiff's references to other District Court decisions in this jurisdiction
2  therefore should be stricken, and disregarded in their entirety.  They do not offer any basis to
3  deny this Motion to Dismiss, which should be granted as prayed.

4  **B.    THIS COURT HAS NO PERSONAL JURISDICTION OVER**
5  **DEFENDANT STODDARD, WHOSE DECLARATION IN SUPPORT OF**
6  **THIS MOTION IS NOT REBUTTED**

7  Plaintiff bases its claim of personal jurisdiction over individual defendant Stoddard on the
8  argument that it would "defy logic to conclude that such a prominent member of the adult
9  entertainment industry would not routinely attend" events in Las Vegas.  (Opposition, p. 12, ll.
10  21-26.)  Of course, there is no authority to support Plaintiff's simplistic belief that merely
11  because Defendant Stoddard is involved in the adult entertainment industry, he must have
12  personally availed himself of general jurisdiction in the State of Nevada.  On the contrary,
13  Stoddard has submitted a sworn Declaration to this Court demonstrating that:

14  1. Stoddard is a resident of the State of California, who has never maintained a
15  residence, office, or telephone listing in Nevada.  (Declaration of Andrew
16  Stoddard (hereinafter "Stoddard Decl."), ¶ 2.)

17  2. Stoddard owns no assets, real property, bank accounts or other tangible personal
18  property in the State of Nevada.  (Stoddard Decl., ¶ 3.)

19  3. Stoddard has no employees in the State of Nevada.  (Stoddard Decl., ¶ 4.)

20  4. Stoddard is the President of PN Media, Inc., a California corporation, which
21  maintains its only office at 2313 San Fernando Blvd., Burbank, California 91504.
22  PN Media, Inc. has no branch offices or comparable facilities in the State of
23  Nevada, and has no telephone listings or mailing address in the State of Nevada.
24  (Stoddard Decl., ¶ 5.)

25  5. PN Media, Inc. is not incorporated under the laws of the State of Nevada, nor has
26  it qualified to transact business in Nevada.  Stoddard is not the officer, director,
27  shareholder or employee of any business entity that maintains its offices within
28  the State of Nevada.  (Stoddard Decl., ¶ 6.)

1       6.     Neither PN Media, Inc. nor Stoddard directs any advertising in any publications toward Nevada residents, nor do they advertise in any publications that are directed primarily toward Nevada residents. (Stoddard Decl., ¶ 7.)

      7.     The acts complained of by Plaintiff in the First Amended Complaint all occurred outside the State of Nevada. (Stoddard Decl., ¶ 8.)

Plaintiff's Opposition to this Motion presents absolutely *no evidence or argument whatsoever* to contradict the foregoing facts. Rather, Plaintiff again presents inadmissible hearsay to support its (noncontroversial) claim that Mr. Stoddard is involved in the adult entertainment industry, from such unreliable sources as *Wikipedia*. (Declaration of Shawn A. Mangano, Esq. in Support of Response to Motion to Dismiss ("Mangano Decl."), ¶ 4, Exhibit "1.") Such hearsay is inadmissible, as set forth in Defendant's Evidentiary Objections to opposing counsel's Declaration filed concurrently herewith. *Federal Rules of Evidence,* Rules 801, 802. Indeed, Plaintiff's counsel's unreliable hearsay statements regarding Defendant Stoddard's activities in the industry, even if accepted as true, still do not establish personal jurisdiction over him in the Court's of Nevada.

Plaintiff's "evidence" in opposition to this Motion, consists, *in toto*, of the following: 1) "Hush Hush Entertainment" is a "pornographic film company" (Mangano Decl., Exhibit "1," *Wikipedia* entry); 2) Mr. Stoddard attended an adult industry magazine conference *in Los Angeles,* in 2008 (Mangano Decl., Exhibit "2," *P2P Blog* entry); 3) Mr. Stoddard attended the same conference referred to in Exhibit "2" (Mangano Decl., Exhibit "3," *PAK Group* website entry). *None* of the foregoing "evidence" provides any basis whatsoever to assert general or specific personal jurisdiction over Defendant Stoddard in this case. The articles are inadmissible hearsay for which there is no exception, and Plaintiff's counsel has no personal knowledge of the facts asserted, for which there is no proper evidentiary foundation. *Federal Rules of Evidence,* Rules 602, 801, 802, 901. Furthermore, even if true, the facts that Mr. Stoddard is involved in the adult entertainment industry, and attended a conference in Los Angeles in 2008, do not provide any basis for the assertion of personal jurisdiction over Mr. Stoddard in the State of Nevada. The Motion to Dismiss on the basis of lack of personal jurisdiction therefore should be

granted.[1]

### 1. This Court Does Not Have General or Specific Personal Jurisdiction Over Defendant Stoddard

Plaintiff concedes that it "does not have sufficient evidence to establish general jurisdiction over the Defendant." (Opposition, p. 12, ll. 18-19.) It nevertheless contends that "If discovery were permitted ... Righthaven believes that it could make such a showing .." (*Id.* at ll. 19-20.) Plaintiff's "belief" notwithstanding, no amount of discovery will alter the facts set forth above, that Defendant Stoddard has no significant business relationships within Nevada, which could form the basis of general personal jurisdiction over him. (Stoddard Decl., ¶¶ 2-5.) *See, e.g., Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990); (the nature of the commercial activity must be of a substantial enough nature that it "approximate[s] physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000). (citing *Gates Learjet v. Jensen*, 743 F.2d 1325, 331 (9th Cir. 1984)).

Plaintiff's claim of specific personal jurisdiction over Defendant Stoddard is similarly unavailing. Plaintiff contends that willful copyright infringers who reproduce content from a source known to exist in a forum purposefully avail themselves of jurisdiction within the forum, citing to *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.,* 106 F.3d 284, 289 (9th Cir. 1997) rev'd on other grounds *Felner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). While Defendant also cited to *Columbia Pictures*, Plaintiff ignores the Ninth Circuit's holding in *Brayton Purcell LLP v. Recordon & Recordon,* 575 F.3d 981, 986 (9th Cir. 2009), which provides that the Court "construe[s] 'intent' as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or

---

[1] Plaintiff makes much of the fact that Defendant cited to *Federal Rule of Civil Procedure* 12(b)(6) as the basis for dismissal of the action against Stoddard for lack of personal jurisdiction, rather than Rule 12(b)(2). Defendant submits that this is a distinction without a difference. If there is no personal jurisdiction over Defendant Stoddard, he should be dismissed from the action on the basis of the appropriate *Federal Rule of Civil Procedure,* whether 12(b)(2) or 12(b)(6). Under either of the foregoing Rules, dismissal is appropriate if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See, Abramson* v. *Brownstein,* 897 F.2d 389, 391 (9th Cir. 1990).

1 consequence of that act."

2 Here, as set forth in the underlying Motion to Dismiss, PN Media's website activities
3 must be specifically directed at Nevada residents for personal jurisdiction to be proper. *See,*
4 *Millennium Enterprises, Inc. v. Millennium Music, LP*, 33 F.Supp.2d 907, 921 (D.Or. 1999)
5 (declining to exercise jurisdiction where "plaintiff offers no evidence that defendants targeted
6 Oregon residents with the intent or knowledge that plaintiff could be harmed through their Web
7 site," notwithstanding that forum residents could make purchases on defendant's website).

8 Exercise of specific personal jurisdiction over Defendant Stoddard also would not be
9 reasonable in this case.  Stoddard has not purposefully interjected himself into the State of
10 Nevada, where hauling Stoddard into the Nevada District Court will constitute hardship to him in
11 terms of cost and asymmetries of information, and where evidence and witnesses are located
12 within California, thus promoting judicial efficiency. *See, Rio Props., Inc. v. Rio Int 'l Interlink*,
13 284 F.3d 1007, 1021 (9th Cir. 2002).

14 Given the allegations of the First Amended Complaint, as well as the indisputable facts
15 set forth in Defendant Stoddard's Declaration in support of this Motion, it is apparent that this
16 Court has neither general nor specific personal jurisdiction over Mr. Stoddard individually, who
17 does nothing more than manage a passive website from within the State of California.  Therefore,
18 this Motion to dismiss should be granted for lack of personal jurisdiction pursuant to *Federal*
19 *Rule of Civil Procedure* 12(b)(2).

20 **C.    *PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO***
21 ***FEDERAL RULE OF CIVIL PROCEDURE* 12(b)(1) FOR LACK OF**
22 **SUBJECT MATTER JURISDICTION**

23 As set forth in Defendant's Motion to Dismiss, "the legal and beneficial owner of an
24 exclusive right under copyright is entitled to bring actions for infringements of that right
25 occurring during the period of its ownership. *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944
26 F.2d 971, 980 (9th Cir. 1991).

27 Here, Plaintiff cannot dispute that its Complaint establishes that the author of the work in
28 question is non-party Stephens Media, LLC. (First Amended Complaint, Exhibit "4.")  Thus,

7

1   Plaintiff has failed to allege an "ownership" of the registered Work *at the time of the alleged*
2   *infringement* such that it may now bring an infringement claim.  The owner of an exclusive right
3   under copyright is entitled to bring actions for infringement occurring during the period of its
4   ownership.  *ABKCO Music, Inc., supra,* 944 F2d at 980.  Thus, only the proprietor of statutory
5   copyright at the time of the acts of infringement is entitled to damages under 17 U.S.C. § 101.
6   *Pye v. Mitchell*, 574 F.2d 476, 479 (9th Cir. 1978).

7       Plaintiff disregards the foregoing authorities, and instead concedes that it has not properly
8   pled any assignment of the copyright in question to it, which would provide it standing to
9   prosecute this claim.  ("Righthaven is certainly willing to formally submit its assignment of the
10  work ..." (Opposition, p. 11, l. 21.))  Notwithstanding the foregoing admission, Plaintiff
11  nonsensically insists that such a showing is "not required to establish ownership in a copyright
12  infringement action."  (*Id.* at ll. 23-24.)

13      Simply put, Plaintiff has not alleged either that it is the creator of the work (which it is
14  not) or the assignee of the copyright registration in question.  Without such allegations, Plaintiff
15  lacks standing to bring and maintain this action as the holder (or assignee) of the copyright at
16  issue.  *Silvers v. Sony Pictures Entertainment*, 402 F.3d 881, 885 (9th Cir. 2005)   For these
17  reasons, the First Amended Complaint should be dismissed for lack of subject matter
18  jurisdiction, pursuant to *Federal Rule of Civil Procedure* 12(b)(1).

19      **D.   IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ORDERED TO FILE**
20          **A MORE DEFINITE STATEMENT PURSUANT TO *FEDERAL RULES***
21          ***OF CIVIL PROCEDURE,* RULE 12(e)**

22      Without sufficient allegations to state a *prima facie* claim of personal jurisdiction over the
23  individual Defendant in this case, and without proper allegations of Plaintiff's copyright, the First
24  Amended Complaint is inadequately plead.  There are insufficient allegations to support
25  Plaintiff's claims, and therefore Plaintiff's claims should be dismissed.  In the alternative, a more
26  definite statement should be required under *Federal Rules of Civil Procedure* §12(e).
27  //
28  //

## III.

## **CONCLUSION**

For the foregoing reasons, Stoddard respectfully requests that this Court dismiss Plaintiff's First Amended Complaint in its entirety, based upon lack of personal jurisdiction, and lack of subject matter jurisdiction.

DATED: April 18, 2011              Respectfully submitted,

                                          ECOFF, BLUT & SALOMONS, LLP

                                          By:           //s//
                                                ELLIOT S. BLUT, ESQ.
                                                Attorney for Defendant
                                                ANDREW STODDARD